# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

|  |  |
|---|---|
| W. A. MACGUIRE,<br><br>*Plaintiff*,<br><br>v.<br><br>THE VIRGINIA BOARD OF<br>BAR EXAMINERS,<br><br>*Defendant*. | CIVIL NO. 3:11CV00056<br><br><br><br>MEMORANDUM OPINION AND ORDER<br><br><br><br>JUDGE NORMAN K. MOON |

Plaintiff, W. A. MacGuire, filed a motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, along with a complaint attempting to assert claims against the Virginia Board of Bar Examiners.

Under 28 U.S.C. § 1915, district courts have a duty to screen initial filings and dismiss a complaint filed in forma pauperis "at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted. . . ." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006). "[Section] 1915 permits district courts to independently assess the merits of in forma pauperis complaints, and 'to exclude suits that have no arguable basis in law or fact.'" *Eriline*, 440 F.3d at 656 (quoting *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995)).

As stated herein, the motion for leave to proceed in forma pauperis is granted, and the complaint is dismissed.

According to PACER, the federal courts' system providing "Public Access to Court Electronic Records," Plaintiff has filed 51 civil actions in various district courts of the United

States since 1985.  The majority (but not all) of these cases concern Plaintiff's disbarment by the

Florida Bar[1] and the Virginia State Bar's refusal to admit him as a member.

As several opinions in previous cases have informed Plaintiff, federal courts cannot review

particular denials of bar admission, but only general attacks on the constitutionality of a bar rule.

*See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-87 (1983); *MacGuire v.

Street*, 28 F.3d 1210 (Table) (4th Cir. 1994); *MacGuire v. Glenn*, 23 F.3d 402 (Table) (4th Cir.

1994); *MacGuire v. Street*, 1 F.3d 1233 (Table) (4th Cir. 1993).  Otherwise, the instant complaint

contains no relevant factual allegations and identifies no avenue of potential legal relief that would

permit this court to order the president of the Virginia State Bar "to agree to stop designating

petitioner as a person under suspension and/or disbarment in the jurisdiction of Florida. . . ."

As the complaint has no arguable basis in fact and fails to state a legal claim upon which

relief can be granted, it must be dismissed.[2]  Principles requiring generous construction of pro se

---

[1] Although the complaint states that "your Petitioner is not a person under suspension or disbarment in the jurisdiction of Florida and Petitioner has never been a person under suspension or disbarment in Florida," a search on the Florida Bar's Web-site, www.floridabar.org, indicates that William Anthony MacGuire of Orange, Virginia, was admitted to the Florida Bar in February 1975, but has been "Disbarred" and is "Not Eligible to practice in Florida."  The United States Court of Appeals for the Fourth Circuit observed that "MacGuire was convicted in Florida state court . . . of two counts related to making verbal and written threats against the life of then-Governor Robert Graham of Florida," *MacGuire v. Henry*, 966 F.2d 1443 (Table) (4th Cir. 1992), and that "MacGuire was an attorney licensed to practice in Florida.  His license was revoked as a result of his conviction," *id*. at n. * (citing *Florida Bar v. MacGuire*, 529 So. 2d 669 (Fla. 1988)).

[2] I add that a court is not obliged to ferret through a complaint, searching for viable claims.  *See Holsey v. Collins*, 90 F.R.D. 122 (D. Md.1981) (although pro se complaint contained potentially viable claims, the court properly dismissed without prejudice under Fed. R. Civ. P. 8 since voluminous, repetitive, and conclusory complaint is not a "short and plain statement" of facts and legal claims; the court specifically observed that dismissal under Rule 8 was proper because such a complaint "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be," and "imposes a similar burden on the court to sort out the facts now hidden in a mass of charges, arguments, generalizations and rumors"); *see also Spencer v. Hedges*, 838 F.2d 1210 (Table) (4th Cir. 1988).  In the context of Fed. R. Civ. P. 8, it is clear that a plaintiff must provide enough detail to illuminate the nature of the claim and allow defendants to respond. *See Erickson v. Pardus*, 551 U.S. 89, slip op. at 5 (2007).  And, although district courts have a duty to construe pro se pleadings liberally, a pro se plaintiff must nevertheless allege facts that state a cause of action, and district courts are not required "to conjure up

(continued...)

pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). And, although district courts have a duty to construe pro se pleadings liberally, a pro se plaintiff must nevertheless allege facts that state a cause of action, and district courts are not required "to conjure up questions never squarely presented to them." *Beaudett*, 775 F.2d at 1278 (adding that "[d]istrict judges are not mind readers").

Plaintiff is advised that, although "detailed factual allegations" are not required, his "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"; in other words, his "factual allegations must be enough to raise a right to relief above the speculative level. . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual

---

questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (adding that "[d]istrict judges are not mind readers").

Here, the complaint does not comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure. In addition to the call in Rule 8(a)(1) for "a short and plain statement of the grounds for the court's jurisdiction," Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(d)(1) requires that each averment of a pleading be "simple, concise, and direct." A pleading "does not have to set out in detail the facts on which the claim for relief is based," 2 Moore's Federal Practice ¶ 8.04[1], at 8-22 (3d ed. 2002), but must give the court and the defendant "fair notice of what that plaintiff's claim is and the grounds upon which it rests." *Swirkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Here, the complaint is not a "short and plain statement," nor is it "concise and direct," and the convoluted redundant narratives and far-fetched legal conclusions render the complaint nearly incomprehensible. The complaint does not provide the defendants "fair notice" of the claims and facts upon which they are based. Therefore, because the complaint does not comply with Rule 8, it could be dismissed on that alternative ground.

enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557). Plaintiff is further advised that courts are entitled to dismiss claims when the pleadings are "conclusory" and "do not plausibly establish" that a defendant acted unlawfully. *Id.*, 556 U.S. at ___, 129 S. Ct. at 1951 ("[i]t is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth").

Accordingly, the motion for leave to proceed in forma pauperis (docket no. 1) is **GRANTED**; the complaint (docket no. 2) is **DISMISSED as FRIVOLOUS** because it has no arguable basis in law or fact; and all other pending motions are **DENIED as MOOT**. The Clerk of the Court is **DIRECTED** to amend the style of this case as "W. A. MacGuire v. The Virginia Board of Bar Examiners,"[3] and to **TERMINATE** the matter and **STRIKE** it from the court's active docket.

It is so **ORDERED**.

The Clerk is further **DIRECTED** to send a certified copy of this memorandum opinion and order to Plaintiff.

Entered this __8th__ day of December, 2011.

*Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff styled the case as "United States of America Ex Rel W. A. MacGuire v. The Virginia Board of Bar Examiners," and the Clerk of the Court docketed it as such. However, Plaintiff is not a private party relator upon whose behalf the government has brought a cause of action.

-4-